UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,                        :
                                                 :
                     -against-                   :
                                                 :          MEMORANDUM & ORDER
NATHANIEL MOORE,                                 :
                                                 :          25-CR-7 (ENV)
                              Defendant.         :
------------------------------------------------------------- x

VITALIANO, D.J.

On January 6, 2025, defendant Nathaniel Moore, having previously been convicted of a felony, was charged with possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e). One year later, on May 7, 2026, a grand jury returned a superseding indictment adding one count of carjacking pursuant to 18 U.S.C. § 2119(1). Now, in accordance with Federal Rule of Criminal Procedure 12(b)(3)(B), Moore moves to dismiss the portion of the indictment subjecting him to a potentially enhanced sentence under the Armed Career Criminal Act ("ACCA").[1] The motion is granted for the reasons that follow.

## Background[2]

On September 18, 2024, an individual riding a moped was approached by a man near the intersection of Atlantic Avenue and Logan Street in Brooklyn. Compl., Dkt. No. 1, at ¶ 2. That man, flashing a black firearm, allegedly demanded that the rider step away from the moped. *Id.* Then, once the rider had done so, the man allegedly climbed onto the moped and drove off. *Id.* Right away, the moped's owner called the police. *Id.* ¶ 3. On the call, he gave a description of the

---

[1] Though Moore's motion predates the filing of the superseding indictment, nothing in the motion, which concerns only the ACCA sentencing enhancement, charged in the original January 6, 2025 indictment, is affected by the added charge.

[2] The background facts are principally drawn from the complaint and the superseding indictment and deemed true for purposes of this motion.

clothing allegedly worn by the "carjacker." *Id.* He also informed the responding officers that there was an Airtag tracking device located within the moped's storage compartment. *Id.* Using the real-time location data that was being sent from the Airtag to the owner's cellphone, the police tracked the moped to 297 Essex Street in Brooklyn. *Id.* ¶ 4. Upon arriving at that address, the officers spotted a man who allegedly matched the description given by the victim and was standing not far from the stolen moped. *Id.* It was Moore. *Id.* He was arrested and frisked, and while searching him, police allegedly discovered a Glock handgun and Luger ammunition. *Id.* ¶¶ 4-5; Superseding Indictment, Dkt. No. 39, at ¶ 2.

Further, there can be no dispute about Moore's criminal record—it is lengthy and substantial. Over the last 20 years, Moore has been convicted of several felony offenses. On March 9, 2007, Moore was sentenced to five years' imprisonment after pleading guilty to robbery in the first degree in violation of New York Penal Law § 160.15(04). *People v. Moore* (Index No. 05491-2006). Nine years later, on May 3, 2016, Moore was sentenced to one-and-a-half to three years' imprisonment after being convicted of six counts of attempted robbery in the third degree in violation of New York Penal Law §§ 110.00 and 160.05. Compl. ¶ 9. Lastly, on September 21, 2022, Moore was sentenced to 84 months' imprisonment for nine separate Hobbs Act robberies, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery and for brandishing a firearm during a crime of violence. *Id.* ¶ 8.

### Legal Standard

Pursuant to Rule 12(b)(3)(B), a defendant may make a pretrial motion on the basis of a "defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). "Since federal crimes are solely creatures of statute, a defendant may move to dismiss any count in an indictment on the ground that it fails to allege a crime within the terms of the applicable statute." *United States v. Mangione*, 818 F.

2

Supp. 3d 509, 517-18 (S.D.N.Y. 2026) (quoting *United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012)) (internal quotation marks omitted).  When resolving such motions, a court must take the allegations in the indictment as true, and as a result, motions to dismiss "generally may not resolve questions about the sufficiency of the [g]overnment's evidence." *Id.* at 518.  Motions to dismiss that raise "purely legal issue[s] of statutory interpretation," on the other hand, may be decided before trial begins. *United States v. Ahemeid*, No. 20-cr-0502 (BMC), 2026 WL 318211, at *2 (E.D.N.Y. Feb. 6, 2026) (quoting *United States v. George*, 223 F. Supp. 3d 159, 167 (S.D.N.Y. 2016)) (internal quotation marks omitted).

Discussion

Under ACCA, a criminal defendant who is convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a 15-year mandatory minimum if he or she has three prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  Here, the government contends that Moore has ten such convictions, each for a "violent felony."  Specifically, the government is relying on: (1) Moore's conviction for robbery in the first degree; and (2) his nine Hobbs Act robbery convictions.[3]  Dkt. No. 38, at 2.  Moore, for his part, challenges the government's claim that Hobbs Act robberies qualify as "violent felonies" under the terms of the statute and argues that, without those Hobbs Act robbery convictions, he would not have the three predicate offenses necessary to apply the sentencing enhancement.

Very little authority exists on this question in general, and the Second Circuit has not yet

---

[3] The government expressly disclaims any intent to offer Moore's six state-law attempted robbery convictions as predicate offenses, and for good reason. *See United States v. Taylor*, 596 U.S. 845, 851 (2022) (holding that attempted Hobbs Act robbery cannot count as a "crime of violence" under 18 U.S.C. § 924(c)(3)); *People v. Lamont*, 33 N.E.3d 1275, 25 N.Y.3d 315, 12 N.Y.S.3d 6 (2015) (affirming state-law attempted robbery conviction despite no use, attempted use, or threatened use of physical force).

had the opportunity to step in and clarify matters. While the Second Circuit has previously issued rulings on the applicability of Hobbs Act robbery to analogous provisions, the cases are easily distinguishable and thus cannot serve as a ready-made solution to the present disagreement among the parties. *See United States v. McCoy*, 58 F.4th 72, 74-75 (2d Cir. 2023) (re-affirming the well-established rule that Hobbs Act robberies are "crimes of violence" for purposes of 18 U.S.C. § 924(c)—but only due to the statute-specific definition of "crime of violence," which is much more expansive than the one for "violent felonies"); *United States v. Chappelle*, 41 F.4th 102, 110-12 (2d Cir. 2022) (holding that Hobbs Act robberies are *not* "crimes of violence" for purposes of the United States Sentencing Guidelines's career offender provisions—but only due to the Guidelines-specific definition for "extortion," which is even more restrictive than the generic definition of the offense applicable to 18 U.S.C. § 924(e)). The Court must therefore conduct its own independent analysis.

To determine whether an offense such as Hobbs Act robbery counts as a "violent felony," courts apply what the Supreme Court has called the "categorical approach." Without looking to the facts underlying the crime of conviction, courts ask whether the "elements of the statute forming the basis of the defendant's conviction . . . are the same as, or narrower than," ACCA's definition of a "violent felony." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In other words, the inquiry focuses on whether "the minimum conduct necessary" for a conviction "falls within the scope of activity that [ACCA] penalizes." *Stuckey v. United States*, 878 F.3d 62, 67 (2d Cir. 2017). If the statute of conviction sweeps more broadly, it "does not categorically match the federal standard, and so cannot serve as an ACCA predicate." *Borden v. United States*, 593 U.S. 420, 424 (2021).

With these guideposts, it is necessary to compare the constituent elements of a Hobbs Act

4

robbery conviction with ACCA's definition of a "violent felony." "Violent felonies" are defined in ACCA as "crime[s] punishable by imprisonment for a term exceeding one year" that: (1) "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "[are] burglary, arson, or extortion [or] involve[] use of explosives." 18 U.S.C. § 924(e)(2)(B). The former clause of ACCA's "violent felony" definition is known as its "elements" or "force" clause, while the latter clause is referred to as its "enumerated offenses" clause. *Stuckey*, 878 F.3d at 68 n.8. Unless it fits into at least one of these two clauses, Hobbs Act robbery, which is defined in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property," cannot constitute a "violent felony." 18 U.S.C. § 1951(b)(1).

Common ground circumscribes the inquiry. The government concedes, as it must, that Hobbs Act robbery cannot fall within the bounds of the "elements" clause. Dkt. No. 38, at 5. Unlike a "violent felony," which must be committed with force against a person if it is to arise out of the "elements" clause, a conviction for Hobbs Act robbery can rest solely on a finding by the jury that the defendant used or threatened force against property, thereby sweeping in much more conduct. *See* 18 U.S.C. § 1951(b)(1). Given this mismatch in scope, the strict standard set by the categorical approach is simply not satisfied.

Instead, the government argues that Hobbs Act robbery can come in under ACCA's "enumerated offenses" clause as a cookie-cutter match for the generic offense of extortion.[4] In

---

[4] In making this argument, the government implies that only those applications of the Hobbs Act robbery statute involving "force against property" must match up with the generic offense of extortion, as any applications of the statute involving "force against persons" would have already fallen within ACCA's "elements" clause. The government seems to assume that this can be done

order to fall within the "enumerated offenses" clause, "the elements of the crime of conviction" must be the same as, or narrower than, "the elements of the 'generic' version[s] of the listed offense[s]—*i.e.,* the offense[s] as commonly understood." *Mathis*, 579 U.S. at 503. Generic extortion, according to the Supreme Court, requires "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003). That definition appears to be starkly at odds with the statutory definition for Hobbs Act robbery, which extends to non-consensual takings. *See* 18 U.S.C. § 1951(b)(1).

Circuit courts across the country, however, have split on how much importance should be attached to this apparent distinction. Some see a meaningful difference between takings against a victim's will and takings accomplished via wrongfully induced consent. *See Rodriguez-Mendez v. United States*, 134 F.4th 1, 10-11 (1st Cir. 2025); *Raines v. United States*, 898 F.3d 680, 689-90 (6th Cir. 2018); *United States v. Dixon*, 805 F.3d 1193, 1196-97 (9th Cir. 2015). Others disagree. *See United States v. Hatley*, 61 F.4th 536, 539-40 (7th Cir. 2023); *United States v. Duran*, 754 F. App'x. 739, 746-47 (10th Cir. 2018).

Though, as noted above, the Second Circuit has not itself weighed in yet on this debate in the context of ACCA, it has painted a vivid and distinctive backdrop by underscoring, over and over, that "consent is the razor's edge that distinguishes extortion from robbery." *United States v.*

---

even when the underlying offense is not a divisible one. *See Mathis v. United States*, 579 U.S. 500, 505-06 (2016) (describing divisible offenses). Using a combination of the clauses would make up for any inadvertent lapse in the statute's coverage and further ACCA's aim of incapacitating "habitual violent offender[s] . . . [who] pose[] a serious risk of wreaking harm." *Borden*, 593 U.S. at 423. Yet, it is far from obvious that the Supreme Court would approve of this approach, given that it is in tension with the strict formalism dictated by the court's past decisions. *See Descamps*, 570 U.S. at 261. Regardless, even if this Court were to adopt the government's approach, the Hobbs Act robbery statute would still sweep more broadly than the generic offense of extortion due to the lack of any "consent" requirement.

*Zhou*, 428 F.3d 361, 371 (2d Cir. 2005).  It is significant, moreover, that the circuit has principally done so in the context of comparing Hobbs Act robbery to Hobbs Act extortion, considering its holding that "the 'generic' definition of extortion . . . and the Hobbs Act definition of extortion are nearly identical" and that decisions interpreting the meaning of one can be applied to the other. *United States v. Kirsch*, 903 F.3d 213, 225-26 (2d Cir. 2018).  The choir singing in harmony on this point includes the Supreme Court, which has stressed that "the phrase 'with his consent' [in the Hobbs Act] is designed to distinguish extortion . . . from robbery." *Ocasio v. United States*, 578 U.S. 282, 297 (2016).  No matter how much the government tries to diminish it, this mountain of on-point precedent, emphasizing the intrinsic difference between robbery and extortion, cannot simply be ignored in favor of out-of-circuit case law.

As much as the government might like one, in this analytical model there is no requirement for Moore to demonstrate that there is a "realistic probability" that Hobbs Act robbery could be committed without also committing generic extortion.  "The plain text of the Hobbs Act robbery definition makes clear that it will apply to" non-consensual takings, and "[w]here the plain statutory language is so abundantly clear, [Moore] need not identify an actual Hobbs Act robbery prosecution involving" such a fact pattern.  *Chappelle*, 41 F.4th at 109; *see also Taylor*, 596 U.S. at 857-59.

True to the forceful logic of these Second Circuit precedents, Hobbs Act robbery covers a broader swath of conduct than generic extortion and, as such, cannot serve as an ACCA predicate on the basis of the "enumerated offenses" clause.  Together with the government's concession as to the inapplicability of the "elements" clause, this means that Hobbs Act robbery cannot qualify as a "violent felony" for purposes of ACCA's sentencing enhancement provisions.  The Second Circuit has remarked before that "the categorical approach can produce strange results,"

7

*Chappelle*, 41 F.4th at 112; add this one to the collection.  Accordingly, the language of the indictment charging Moore under ACCA must be stricken and the enhancement dismissed.

Conclusion

In line with the foregoing, Moore's motion to dismiss the language in the indictment and superseding indictment charging him under ACCA is granted.  Jury selection will commence on June 15, 2026.

So Ordered.

Dated: Brooklyn, New York
        May 13, 2026

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge